UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TERRY LEE CALLANDRET,

    Plaintiff,

v.

DEPARTMENT OF CORRECTIONS HEADQUARTERS CLASSIFICATION TEAM,

    Defendant.

CASE NO. 3:19-CV-05271-BHS-DWC

ORDER TO FILE AMENDED COMPLAINT

Plaintiff Terry Lee Callandret, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court finds Plaintiff has failed to state a claim, but provides Plaintiff leave to file an amended pleading by May 17, 2019, to cure the deficiencies identified herein.

**I.    Background**

In the Complaint, Plaintiff alleges Defendant Department of Corrections Headquarters Classification Team ("Classification Team") violated Plaintiff's constitutional rights by failing to

protect him. Dkt. 5. Specifically, Plaintiff states he was attacked at the Washington State Penitentiary ("WSP"). *Id*. After the attack, the Classification Team transferred Plaintiff to Clallam Bay Corrections Center ("CBCC") where Plaintiff was housed with members of the same group that attacked him. *Id*.

## II. Discussion

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

### A. *Failure to State a Claim*

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633.

Here, Plaintiff alleges the Classification Team violated his Eighth Amendment rights when it failed to protect him. Dkt. 5. The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Prison officials have a duty to protect prisoners from violence suffered at the hands of other prisoners. *Id.* at 833. However, not every injury suffered by a prisoner at the hands of another is a violation of a prisoner's constitutional rights. *Id.* at 834.

In cases alleging an Eighth Amendment violation based on a failure to prevent harm, the plaintiff must first meet an objective component by showing "he is incarcerated under conditions posing a substantial risk of serious harm." *Id.*; *see Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1242 (9th Cir. 2010). The plaintiff must also meet a subjective component by showing the prison official acted with deliberate indifference to inmate health or safety. *Farmer*, 511 U.S. at 834; *Helling v. McKinney*, 509 U.S. 25, 33 (1993) ("[A] claim that a prisoner's confinement violate[s] the Eighth Amendment requires an inquiry into the prison officials' state of mind."). "[A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 832; *see Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995). A prison "official's failure to alleviate a significant risk he should have perceived but did not," therefore, cannot "be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838.

In the Complaint, Plaintiff states he was attacked and assaulted at WSP by Mexican and White inmates. Dkt. 5, p. 3. Plaintiff alleges the Classification Team misclassified Plaintiff and transferred him to CBCC. *Id*. Plaintiff's life was placed in danger when he was transferred to

CBCC because he was housed individuals from the same groups that attacked him. *Id*. Plaintiff, however, fails to allege facts showing the Classification Team was aware Plaintiff would be placed in a dangerous situation if he was transferred to CBCC. Therefore, Plaintiff has not shown the Classification Team knew of a serious risk of harm to Plaintiff and acted with deliberate indifference to the risk of harm. Plaintiff's vague and conclusory allegations are insufficient to show his constitutional rights were violated. *See Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims). As such, Plaintiff has not stated a claim upon which relief can be granted.

Plaintiff has also not named a proper defendant in this action. The Classification Team is not a "person" for purposes of a § 1983 civil rights action. *See e.g. Herrera v. Pain Management Committee at Corcoran State Prison*, 2012 WL 6005379, *2 (E.D. Cal. Nov. 30, 2012) (finding a committee was not a proper defendant in a § 1983 action). If Plaintiff wishes to sue the members of the Classification Team, he must identify each individual committee member as a defendant and identify the actions taken by each committee member which resulted in a violation of his constitutional rights.

### III. Instruction to Plaintiff and the Clerk

If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See*

*Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for any previously filed complaint, and not as a supplement. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights.

If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before May 17, 2019, the undersigned will recommend dismissal of this action pursuant to 28 U.S.C. § 1915.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service.

Dated this 17th day of April, 2019.

David W. Christel
United States Magistrate Judge