|    |                                              |                                    |
|----|----------------------------------------------|------------------------------------|
| 1  |                                              |                                    |
| 2  |                                              |                                    |
| 3  |                                              |                                    |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TERRY LEE CALLANDRET,

    Plaintiff,

v.

DEPARTMENT OF CORRECTIONS HEADQUARTERS CLASSIFICATION TEAM,

    Defendant.

CASE NO. 3:19-CV-05271-BHS-DWC

ORDER TO FILE AMENDED COMPLAINT

Plaintiff Terry Lee Callandret, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Currently before the Court are Plaintiff's Motion to Correct Statement of Claim (Dkt. 12), Motion for a Court Order Directing the Washington Corrections Center to Return Documents (Dkt. 14), and Motion Asking the Court to Retrieve Documents of Evidence (Dkt. 15). After reviewing the relevant record, the Court denies Plaintiff's pending Motions (Dkt. 12, 14, 15) and directs Plaintiff to file an amended complaint on or before June 21, 2019.

## I. Background

In the Complaint, Plaintiff alleges Defendant Department of Corrections Headquarters Classification Team ("Classification Team") violated Plaintiff's constitutional rights by failing to protect him. Dkt. 5. Specifically, Plaintiff states he was attacked at the Washington State Penitentiary ("WSP"). *Id*. After the attack, the Classification Team transferred Plaintiff to Clallam Bay Corrections Center ("CBCC") and housed him with "friends of the same 2-races" that attacked him. *Id*.

## II. Letters (Dkt. 9, 13)

Plaintiff filed two letters with the Court requesting clarification of the status of his case. Dkt. 9, 13. In response to the letters, the Court provides the following information:

On April 10, 2019, Plaintiff initiated this lawsuit. Dkt. 1. The Complaint was properly filed in the Tacoma Division. On April 17, 2019, this Court screened Plaintiff's Complaint under 28 U.S.C. § 1915A and found Plaintiff failed to state a claim upon which relief could be granted. Dkt. 6. The Court directed Plaintiff to file an amended pleading by May 17, 2019 curing the deficiencies of his Complaint. *Id*.

Plaintiff also sent a nearly-identical complaint ("second complaint") by first-class mail to the Seattle Division courthouse, which was received on April 15, 2019. *See Callendret v. Dep't of Corrections Headquarters Classification Team*, Case No. 2:19-cv-559-RAJ-MLP ("Seattle Case"). The Seattle Case was terminated because the second complaint was duplicative of this case and should not have been opened. *See id.* at Docket Entry No. 5.

Plaintiff has not filed an amended complaint to correct the deficiencies identified by the Court in the Order to File Amended Complaint ("Order") issued on April 17, 2019. As the Court has determined Plaintiff has not stated a claim upon which relief can be granted, Plaintiff's

Complaint has not been served. The Court will not direct service of any subsequent complaint until determining Plaintiff has stated a claim upon which relief can be granted.

**III.    Motion to Correct Statement of Claim (Dkt. 12)**

On May 1, 2019, Plaintiff filed the Motion to Correct Statement of Claim stating the Court did not accurately restate the allegations in the Complaint in the Order and asking the Court to correct the Order. Dkt. 12. Specifically, Plaintiff states that, in the Statement of the Claim in his Complaint, Plaintiff alleged the "DOC HQ without reluctance placed me in a prison around the 'friends' of the same 2-races that I was assaulted and attacked by." *Id*. The Order summarized the allegations in the Complaint, stating the Classification Team transferred Plaintiff to CBCC where Plaintiff was housed with members of the same group that attacked him. Dkt. 6. The Court was summarizing the allegations in the Complaint and declines to "correct" the language in the Order. Therefore, Plaintiff's Motion to Correct Statement of Claim (Dkt. 12) is denied.

**IV.    Motions to Direct Parties to Return Documents (Dkt. 14, 15)**

On April 29, 2019, Plaintiff filed a Motion for the Court to Order the Washington Corrections Center to Return Documents. Dkt. 14. On May 6, 2019, Plaintiff filed a Motion for the Court to Retrieve Documents of Evidence. Dkt. 15. In the Motions, Plaintiff asks the Court to order the Washington Corrections Center ("WCC"), a private law firm, and the "Office of Corrections Ombuds" to return documents to Plaintiff. Dkt. 14, 15. This Court cannot issue an order against an individual who is not a party to a suit pending before it. *See Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100 (1969). As Plaintiff has only named the Classification Team as a defendant in this action, Plaintiff is requesting the Court enter an order against entities

that are not a party to this lawsuit. Therefore, the Motions (Dkt. 14, 15) are denied without prejudice.

V.    **Response to Order (Dkt. 11)**

Plaintiff filed a Response the Order on April 29, 2019, requesting the Court explain what he needs to amend in his Complaint. Dkt. 11. The Court directed Plaintiff to file an amended complaint that cures the deficiencies identified in the Order. Dkt. 6. The Court again details the deficiencies of the Complaint and directs Plaintiff to file an amended complaint if he wishes to pursue this action:

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A. *Failure to State a Claim*

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the

complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633.

Here, Plaintiff alleges the Classification Team violated his Eighth Amendment rights when it failed to protect him. Dkt. 5; *see also* Dkt. 7. The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Prison officials have a duty to protect prisoners from violence suffered at the hands of other prisoners. *Id.* at 833. However, not every injury suffered by a prisoner at the hands of another is a violation of a prisoner's constitutional rights. *Id.* at 834.

In cases alleging an Eighth Amendment violation based on a failure to prevent harm, the plaintiff must first meet an objective component by showing "he is incarcerated under conditions posing a substantial risk of serious harm." *Id.*; *see Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1242 (9th Cir. 2010). The plaintiff must also meet a subjective component by showing the prison official acted with deliberate indifference to inmate health or safety. *Farmer*, 511 U.S. at 834; *Helling v. McKinney*, 509 U.S. 25, 33 (1993) ("[A] claim that a prisoner's confinement violate[s] the Eighth Amendment requires an inquiry into the prison officials' state of mind."). "[A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 832; *see Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995). A prison "official's failure to alleviate a significant risk he should have perceived but did not," therefore, cannot "be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838.

In the Complaint, Plaintiff states he was attacked and assaulted at WSP by Mexican and White inmates. Dkt. 5, p. 3. Plaintiff alleges the Classification Team misclassified Plaintiff and transferred him to CBCC. *Id*. Plaintiff's life was placed in danger when he was transferred to CBCC because he was housed with friends from the two groups of inmates that attacked him. *Id*. Plaintiff, however, fails to allege facts showing the Classification Team was aware Plaintiff would be placed in a dangerous situation if he was transferred to CBCC. Therefore, Plaintiff has not shown the Classification Team knew of a serious risk of harm to Plaintiff and acted with deliberate indifference to the risk of harm. Plaintiff's vague and conclusory allegations are insufficient to show his constitutional rights were violated. *See Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims). As such, Plaintiff has not stated a claim upon which relief can be granted.

Plaintiff has also not named a proper defendant in this action. The Classification Team is not a "person" for purposes of a § 1983 civil rights action. *See e.g. Herrera v. Pain Management Committee at Corcoran State Prison*, 2012 WL 6005379, *2 (E.D. Cal. Nov. 30, 2012) (finding a committee was not a proper defendant in a § 1983 action). If Plaintiff wishes to sue the members of the Classification Team, he must identify each individual committee member as a defendant and identify the actions taken by each committee member which resulted in a violation of his constitutional rights.

B. *Instruction to Plaintiff*

If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the

person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for any previously filed complaint, and not as a supplement. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights.

## VI. Conclusion

For the above stated reasons, Plaintiff's pending Motions (Dkt. 12, 14, 15) are denied. Plaintiff is directed to file an amended complaint consistent with this Order. If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before June 21, 2019, the undersigned will recommend dismissal of this action pursuant to 28 U.S.C. § 1915.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service.

Dated this 22nd day of May, 2019.

David W. Christel
United States Magistrate Judge