UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TERRY LEE CALLENDRET,<br><br>               Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF CORRECTIONS HEADQUARTERS CLASSIFICATION TEAM,<br><br>               Defendant. | CASE NO. 3:19-CV-05271-BHS-DWC<br><br>ORDER |

Plaintiff Terry Lee Callandret, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Currently before the Court are Plaintiff's Motions Asking for the Court to Please Point Out What the Plaintiff is Lacking in Civil Rights Complaint ("Motion to Clarify"), Motion Asking the Court for an Extension of Time to Amend Complaint ("Motion for Extension"), and a request to compel the Department of Corrections to provide him with documents ("Motion to Compel"). Dkt. 23, 24, 25. Plaintiff also requests Court-appointed counsel within his Motion to Clarify and Motion to Compel. *See* Dkt. 23, 25.

**I.     Background**

On May 22, 2019, the Court entered a seven-page Order denying three motions and notifying Plaintiff, again, of deficiencies in his Complaint. Dkt. 17. The Court directed Plaintiff to file an amended complaint curing the deficiencies by June 21, 2019. *Id*. On May 23, 2019, the Order was returned to the Court as "undeliverable" because Plaintiff had been transferred to a different prison facility. Dkt. 18. The Order was retransmitted to Plaintiff. *See id*. On June 5, 2019, Plaintiff filed a (1) Motion Asking the Court to be More Clear with Court Order re Order to File Amended Complaint, and (2) an Amended Complaint. Dkt. 20, 21. Since it appeared Plaintiff may not have received the Court's seven-page May 22, 2019 Order, but only reviewed the docket text which provided a brief summary of the Order, the Court directed the Clerk to again retransmit a copy of the May 22, 2019 Order which detailed the deficiencies of Plaintiff's Complaint. Dkt. 22. The Court declined to screen Plaintiff's Amended Complaint and directed Plaintiff to file an amended complaint that complied with the directives provided in the seven-page Order dated May 22, 2019. *Id*.

**II.     Motion to Clarify (Dkt. 23)**

In the Motion to Clarify, Plaintiff requests the Court "point out clearly what [he is] lacking in his civil rights complaint." Dkt. 23, p. 1. The Court cannot litigate this case for Plaintiff. The Court has provided Plaintiff with a detailed order explaining the deficiencies of his Complaint and has directed Plaintiff to file an amended complaint. *See* Dkt. 17, 22. Since receiving the Court May 22, 2019 Order, Plaintiff has failed to attempt to provide an amended complaint that cures the deficiencies of his Complaint or provide any explanation as to what portion of the Court's May 22, 2019 Order lacks clarity.

Moreover, Plaintiff's Amended Complaint contains the same deficiencies as detailed in the May 22, 2019 Order. For example, Plaintiff fails to allege facts showing the sole Defendant, the Department of Corrections Headquarter Classification Team ("Classification Team"), knew of a serious risk of harm to Plaintiff and acted with deliberate indifference to the risk of harm. *See* Dkt. 17, 21. Furthermore, Plaintiff has still not named a proper defendant in this action. The Classification Team is not a "person" for purposes of a § 1983 civil rights action. *See e.g. Herrera v. Pain Management Committee at Corcoran State Prison*, 2012 WL 6005379, *2 (E.D. Cal. Nov. 30, 2012) (finding a committee was not a proper defendant in a § 1983 action). If Plaintiff wishes to sue the members of the Classification Team, he must identify each individual committee member as a defendant and identify the actions taken by each committee member which resulted in a violation of his constitutional rights. To proceed with the lawsuit, Plaintiff must allege facts sufficient to show individually named defendants violated his constitutional rights.

Plaintiff has been given a clear explanation regarding the deficiencies of his Complaint. Plaintiff has failed to file an amended complaint attempting to cure those deficiencies or adequately explain what portions of the Court's May 22, 2019 Order lacks clarity. Therefore, the Court will not provide Plaintiff with additional instruction for curing the deficiencies of his Complaint and Amended Complaint. Accordingly, Plaintiff's Motion to Clarify (Dkt. 23) is denied.

**III.     Motion for Extension (Dkt. 24)**

Plaintiff filed the Motion for Extension requesting an extension of time to file an amended complaint. Dkt. 24. As Plaintiff is still seeking additional information from the Court regarding the deficiencies of his Complaint and Amended Complaint, the Court finds an

extension of time to file an amended complaint is appropriate. Therefore, Plaintiff's Motion for Extension (Dkt. 24) is granted. Plaintiff must file an amended complaint on or before August 26, 2019.

**IV. Motion to Compel (Dkt. 25)**

In the Motion to Compel, Plaintiff requests the Court compel the Department of Corrections ("DOC") to give Plaintiff "all of [his] property." Dkt. 25, p. 1. At this time, the Court has not directed service of Plaintiff's Complaint. Therefore, discovery has not begun and the Court declines to compel a non-party to produce documents. Furthermore, Plaintiff has not shown the DOC is in possession of any documents necessary for Plaintiff to file an amended complaint. *See* Dkt. 25, pp. 3-6. As such, Plaintiff's Motion to Compel (Dkt. 25) is denied.

**V. Motion for Counsel**

Within his Motion to Clarify and Motion to Compel, Plaintiff includes a conclusory request for Court-appointed counsel. *See* Dkt. 23, 25. Initially, the Court notes Plaintiff must file each request for relief in a separate motion. For example, Plaintiff's request for counsel should be filed in a separate motion, not included in his Motion to Clarify and Motion to Compel. However, in this instance, the Court considered Plaintiff's request for counsel and has found Court-appointed counsel is not warranted at this time.

No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998).

To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

At this time, Plaintiff has not shown, nor does the Court find, this case involves complex facts or law. Plaintiff has also not shown he is likely to succeed on the merits of his case or shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court. While Plaintiff may be able to better litigate this case with appointed counsel, that fact, alone, does not establish an extraordinary circumstance warranting the appointment of counsel. *See Rand*, 113 F.3d at 1525; *Wilborn*, 789 F.2d at 1331.Therefore, the Court finds Plaintiff has failed to show the appointment of counsel is appropriate at this time and his requests for Court-appointed counsel are denied without prejudice.

**VI.     Conclusion**

For the above stated reasons, Plaintiff's Motion to Clarify (Dkt. 23), Motion to Compel (Dkt. 25), and his requests for Court-appointed counsel are denied. Plaintiff's Motion for Extension (Dkt. 24) is granted.

If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein and in the May 22, 2019 Order on or before August 26, 2019, the undersigned will recommend dismissal of this action pursuant to 28 U.S.C. § 1915.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service.

Dated this 25th day of July, 2019.

                                         David W. Christel
                                         United States Magistrate Judge